# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

# AMARILLO DIVISION

| | | |
|---|---|---|
| DONALD CLARK and BETTY CLARK, | § | |
| | § | |
| PLAINTIFFS, | § | |
| and | § | |
| | § | |
| KIMBERLY KAYE CARK, Individually and | § | |
| as Next Friend of CWC and MLC, Minors, | § | |
| and MISTY DAWN DAVIS as Next Friend | § | |
| of JWD, a Minor, | § | |
| | § | |
| INVOLUNTARY PLAINTIFFS, | § | |
| | § | |
| v. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| THE CITY OF AMARILLO, TEXAS, | § | 2:05-CV-116-J |
| | § | |
| DEFENDANT. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT

Before the Court is the Defendant City of Amarillo, Texas', motion, filed December 23, 2005, for summary judgment on all claims brought herein by Plaintiffs Donald and Betty Clark, Kimberly Kaye Clark, Misty Davis, and the minor Plaintiffs. No response to this motion has been filed, and the time to do so has long expired. For the following reason, this motion is granted.

### *Background*

This is a wrongful death civil rights case. On or about April 16, 2003, Corey Calvin Clark, was driving a reportedly-stolen vehicle in the City of Amarillo, Texas. After being followed by police, Clark was cornered in an alley while attempting to flee from members of the Amarillo Police Department (APD) in their official police cars. After breaking several natural gas meters in the alley

while still trying to escape, the vehicle driven by Clark became stuck on a metal pipe.  Clark refused repeated police orders to turn off the vehicle engine, unlock the driver's side door, exit the auto, and surrender.

When Clark continued to attempt to flee from armed officers surrounding the vehicle, APD Sergeant Phil Dean discharged his pistol through the driver's side window, striking Clark twice in the upper torso.  After the window had been broken by the shots, another APD officer shot the decedent with a TASER electronic stun gun.  During the course of the incident, the TASER delivered multiple electrical shocks to Clark.

The shots did not cause Clark's death.  The autopsy concluded that death was due to acute cocaine intoxication.

At all material times the APD Officers were acting in the course and scope of their employment as police officers, and were acting under color of State law.  Plaintiffs' claims against Defendants Sergeant Dean and Taser International have been voluntarily dismissed.  Only Plaintiffs' civil rights claims against the City remain./[1]

### *Summary Judgment Standards*

"The Court may terminate litigation by rendering a summary judgement where no genuine issue of material fact exists and the moving party is entitled to judgement as a matter of law." *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987)(citations omitted).  *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)(initial burden is on

---

[1]    Officer Dean's motion to dismiss Plaintiffs' state-law based assault and battery claim was granted.  That claim is not asserted vicariously against the City and, even if they did, state law does not authorize suits for damages against governmental officers arising from a state-law based claim of assault and battery.  *City of LaPorte v. Barfield*, 898 S.W.2d 288, 299 (Tex. 1995); Tex. Civ. Prac. & Rem. Code Ann. §§ 101.057(2) and 101.024 (Vernon 2002).  Plaintiff has cited no authority to the contrary.

movant to show entitlement to summary judgment with competent evidence); Fed. R. Civ. Pro. 56©.

"Summary judgement disposition is inappropriate if the evidence before the court, viewed as a

whole, could lead to different factual findings and conclusions." *Honore v. Douglas*, 833 F.2d at

567. This Court must resolve all factual uncertainties and make all reasonable inferences in favor

of the nonmoving party. *Bienkowski v. American Airlines*, 851 F.2d 1503, 1504 (5th Cir. 1988).

Such a finding may be supported by the absence of evidence necessary to establish an essential

element of the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct.

82, 121 L.Ed.2d 265 (1986).

If defendant initially shows entitlement to judgment, plaintiff must point the Court to

"specific facts with sufficient particularity to meet all the elements necessary to lay a foundation for

recovery, including those necessary to negate the defense" offered by movant. *Brown v. Texas A&M

University*, 804 F.2d 327, 333 (5th Cir. 1986). Legal conclusions and general allegations do not

satisfy this burden. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250, 106 S.Ct. 2505, 2510-

11, 91 L.Ed.2d 202 (1986)(to defeat a motion for summary judgment, Rule 56 requires the non-

moving party to set forth specific facts sufficient to establish that there is a genuine issue for tri-

al)(citations omitted); *Lechuga v. Southern Pacific Transp. Co.*, 949 F.2d 790, 798 (5th Cir.

1992)(conclusory statements and testimony based on conjecture alone is insufficient to raise an issue

to defeat summary judgment); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195-96 (5th Cir. 1986);

*Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)(party statements setting forth

only ultimate or conclusory facts are insufficient to either support or defeat a motion for summary

judgment). "The bare allegations of the pleadings will not suffice" to show the existence of a

genuine issue of material fact. *Honore v. Douglas,* 833 F.2d at 567. *Accord Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp.,* 477

U.S. at 323-25, 106 S.Ct. at 2553.  The nonmoving party must designate specific facts in the record

showing there exists a genuine issue of material fact on those elements sought to be negated by the

movant.  *Celotex Corp., supra,* 477 U.S. at 322-23, 106 S.Ct. at 2553; Fed. R. Civ. Pro. 56 (e).

### *Analysis*

Plaintiffs' amended complaint alleges that the City's policies governing the use of TASER

stun guns permitted the unconstitutional use of excessive force upon Corey Clark in violation of the

Fourth Amendment.  Defendant responds that there is no evidence of such an unconstitutional policy

and that the two officers whose actions are in question are highly trained in the use of force policies,

discharge of firearms policies, and use of TASER policies.  The City further responds with a

statement of undisputed facts plus evidence showing that the use of the firearm and each use of the

stun gun was necessary under the specific facts and circumstances of this case.  For these reasons

– no evidence an unconstitutional policy or of an unconstitutional use of force – the sole remaining

Defendant now moves for summary judgment.  Plaintiffs have filed no response or evidence to the

contrary.

While a federal trial court may not grant a "default" summary judgment where no response

has been filed, the court may, however, properly take as undisputed those facts set forth in the

statement of undisputed facts contained in a motion for summery judgment.  *Eversley vs. MBank of*

*Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).  A non-movant's "failure to present a statement of

disputed facts, embroidered with specific citations to the record, justifies the court's deeming the

facts presented in the movant's statement of undisputed facts admitted."  *Corrada Betances v.*

*Sea-Land Service, Inc.,* 248 F.3d 40, 43 (1st Cir. 2001)(citing *Ruiz Rivera v. Riley*, 209 F.3d 24, 28

(1st Cir. 2000)./[2]  However, "[a] party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." *Smith v. Hudson*, 600 F.2d 60, 64 (6th Cir. 1979). *Accord Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 156-57, 90 S.Ct. 1598, 1607-08, 26 L.Ed.2d 142 (1970); Rule 56(e).

In order to maintain a claim under 42 U.S.C. § 1983 against the City, Plaintiffs must show that a City policy or custom deprived them of a right secured by the Constitution of the United States. *Menchaca v. Chrysler Credit Corporation*, 613 F.2d 507, 510 (5th Cir. 1980). In *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that local governments are liable under 42 U.S.C. § 1983 only where official policy or governmental custom is responsible for a deprivation of rights protected by the constitution. In *Bennett v. City of Slidell,* 728 F.2d 762, 770 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985), the Fifth Circuit noted that to establish liability based on the existence of a policy, *Monell* requires that the policy complained of must itself, as opposed to the way it is carried out by city employees, deprive a plaintiff of a constitutional right. *See, e.g., Monell*,

---

[2]      Accord <u>Morales v. A.C. Orssleff's EFTF</u>, 246 F.3d 32, 34 (1st Cir. 2001); <u>Gubitosi v. Kapica</u>, 154 F.3d 30, 31 n.1 (2d Cir. 1998)(*per curiam*)(deeming admitted all material facts contained in an unopposed Rule 56 statement); <u>Loeber v. Bay Tankers, Inc.</u>, 924 F.2d 1340, 1345 (5th Cir.), *cert. denied*, 502 U.S. 819, 112 S.Ct. 78, 116 L.Ed.2d 51 (1991); <u>Gaspard v. Amerada Hess Corp.</u>, 13 F.3d 165, 166 n.1 (5th Cir. 1994); <u>Guarino v. Brookfield Township Trustees</u>, 980 F.2d 399, 405 (6th Cir. 1992); <u>Anchorage Associates v. Bd. of Tax Review</u>, 922 F.2d 168, 174-76 (3rd Cir. 1990); <u>Bell, Boyd, & Lloyd v. Tapy</u>, 896 F.2d 1101, 1102-1104 (7th Cir. 1990); <u>Laracuente v. Chase Manhattan Bank</u>, 891 F.2d 17, 19 (1st Cir. 1989); <u>Frito-Lay, Inc. v. Willoughby</u>, 863 F.2d 1029, 1035 (D.C. Cir. 1988); <u>Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec</u>, 854 F.2d 1538, 1545 (9th Cir. 1988); <u>Dunlap v. Transamerica Occidental Life Ins. Co.</u>, 858 F.2d 629, 631-32 (11th Cir. 1988); <u>Fair v. Fulbright</u>, 844 F.2d 567, 569 n. 3 (8th Cir. 1988); <u>Dusanenko v. Maloney</u>, 726 F.2d 82, 84 (2d Cir. 1984).

436 U.S. at 661-62, 98 S.Ct. at 2020-21, 56 L.Ed.2d at 617./[3]   The Fifth Circuit in *Bennett* further

stated that a § 1983 plaintiff could establish custom by proving that constitutionally objectionable

behavior was sufficient in duration or frequency to the extent that it was acceded to by the maker

of official policy.   *Bennett, supra,* 728 F.2d at 766, 768.

There is no such competent summary judgment evidence in this record.   The Defendant

City's summary judgment evidence shows that there is no official APD policy, custom or practice

that authorizes an APD officer to use more force than is necessary to achieve lawful objectives.   The

deposition testimony of Plaintiffs Betty Clark and Donald Clark is that they know of no other City

policy that was a moving force behind any constitutional injury.

Further, Plaintiffs have come forth with no evidence of a pattern of earlier uses of excessive

force during the execution of arrests similar to what Plaintiffs allege occurred in this case, or what

Defendants state actually occurred, or of any similar unconstitutional acts of which any officer

involved in this incident.   Plaintiff neither alleges or points to any prior acts or a pattern of similar

constitutional violations involving an excessive force or stun gun injury to a third party.   Plaintiffs

have not come forward with evidence, as they are required to do, that they suffered some injury

which resulted from force that was clearly excessive to the need for force, and that the excessiveness

of which was objectively unreasonable.   *See Ikerd v. Blair,* 101 F.3d 430, 433-34 (5th Cir. 1996).

This case also does not fit the so-called "single incident exception" to the pattern of similar

excessive force violations requirement.   That exception is inherently "a narrow one, and one that"

courts "have been reluctant to expand." *Estate of Davis,* 406 F.3e at 385-86 (citing *Burge,* 336 F.3d

at 373; *Pineda,* 291 F.3d at 334- 35; *Gabriel v. City of Plano,* 202 F.3d 741, 745 (5th Cir.

---

[3]       Plaintiffs can bring no cause of action under Section 1983 for negligence.   Negligence is
not actionable under 42 U.S.C. § 1983.   Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 666, 88
L.Ed.2d 662 (1986).

2000)("We have consistently rejected application of the single incident exception and have noted that 'proof of a single violent incident ordinarily is insufficient to hold a municipality liable for inadequate training.'"); *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); *Conner v. Travis County,* 209 F.3d 794, 797 (5th Cir. 2000)).  To rely on that exception, Plaintiffs must come forth with evidence tending to prove that the "highly predictable consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the 'moving force' behind the constitutional violation." *Roberts,* 397 F.3d at 295 (quoting *Brown,* 219 F.3d at 461). There is no such evidence in this record.  There is no competent summary judgment evidence in this record of a lack of training.  The evidence is that the individual officers known to have participated in the incident at issue in this case were trained in the constitutional standards governing the police work involved in this case.

Officers are constitutionally permitted to use reasonable force to control those being arrested; the level of permissible force depends in part on the risk and if weapons are reasonably suspected to be present. *Muehler v. Mena,* __ U.S. __, 125 S.Ct. 1465, 1467, 161 L.Ed.2d 299 (2005)(citing *Michigan v. Summers*, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981); *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).  The official police policies, as applied here, required use of only such force as was necessary to secure Corey Clark, who was believed to have a knife at the time and who was refusing repeated orders to turn off the vehicle engine in an area where one or more natural gas leaks where known to be then occurring.  Plaintiff has not shown an actual police policy, custom or practice to the contrary, or even a single use of excessive force similar to the facts of this case, much less one that is even allegedly unconstitutional.

For all of these reasons, summary judgment for the Defendant will be entered.

*Conclusions*

Plaintiffs have not come forward with the requisite evidentiary showing in support of their excessive force/unconstitutional policy claims.

Summary judgment for the Defendant will be entered in accordance with this opinion and order.

It is SO ORDERED.

Signed this the __3rd__ day of April, 2006.


/s/ Mary Lou Robinson_____
**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE